UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL HERRERA NUNEZ,

               Petitioner,

v.                         Case No. 2:26-cv-651-JES-DNF

SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY, et al.,

               Respondents.

_____

## <u>ORDER FOR SUPPLEMENTAL BRIEFING</u>

Petitioner Michael Herrera Nunez, who has been detained at Florida Soft Side South Detention Facility (Alligator Alcatraz) since March 1, 2026, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1.)  He asks the Court for immediate release or an individualized bond hearing by an immigration judge.  (<u>Id.</u>)

Upon consideration of the petition, the government's response (Doc. 8), and Herrera Nunez's reply (Doc. 9), the Court concludes that supplemental briefing is required before it can issue an opinion on Herrera Nunez's petition.

### Background

Herrera Nunez is a native and citizen of Cuba who entered the United States as a child in 1989 or 1990.  (Doc. 1 at 7).  Herrera Nunez previously held lawful permanent resident (LPR) status in the United States and most recently renewed his "green card' in

either November of 2025 or December of 2022.  (Doc. 1 at 7; Doc. 8 at 1).

On February 1, 2026, Herrera Nunez traveled to Cuba.  (Doc. 1 at 7).  He returned to the United States via the Miami International Airport on March 1, 2026, but was denied re-entry.  (Id.)  He was taken into custody by the Department of Homeland Security and placed into immigration detention at Alligator Alcatraz.  (Id.)

## Discussion

A non-citizen who arrives in the United States and is stopped at the border is an applicant for admission or an arriving alien. 8 U.S.C. § 1225(a)(1); 8 C.F.R. § 1001.1 ("Arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry".)  Section 1225(b)(2) mandates detention of the noncitizen throughout removal proceedings.

An LPR (such as Herrera Nunez) who reenters the country is generally not considered an arriving alien and cannot be detained under § 1225(b).  See 8 U.S.C. § 1101(a)(13)(C).  However, an LPR may be subject to mandatory detention in certain circumstances.[1]

---

[1] An LPR is deemed an arriving alien only if he: "(i) has abandoned or relinquished [LPR] status; (ii) has been absent from the United States for a continuous period in excess of 180 days; (iii) has engaged in illegal activity after having departed the United States; (iv) has departed from the United States while under

Pertinent here, an LPR detained at the border may be considered an "arriving alien" if he "has committed an offense identified in [8 U.S.C. § 1182(a)(2)]." See 8 U.S.C. § 1101(a)(13)(C)(v). These offenses are defined as either a crime involving moral turpitude or a violation relating to a controlled substance. 8 U.S.C. § 1182(2)(i).

Respondents assert that detention is proper under § 1225(b) because Herrera Nunez has two relevant convictions: (1) a 2009 conviction for possession of cocaine in Miami-Dade County, Florida, which resulted in probation and costs; and (2) a 2014 conviction for retail theft in Dekalb County, Illinois, which resulted in probation and restitution. (Doc. 8 at 2).

In reply, Herrera Nunez argues that:

> Not every conviction referenced in § 1182(a)(2) automatically transforms a returning lawful permanent resident into an applicant for admission. Whether a conviction triggers inadmissibility, and thus § 1101(a)(13)(C)(v), requires a careful legal analysis, including application of the categorical or modified categorical approach. Respondents undertake no such analysis here.

> Moreover, the convictions on which Respondents rely are remote in time, occurring over a decade ago. Since then, Petitioner has continuously maintained lawful permanent resident status, and the government has repeatedly

---

legal process seeking removal of the alien from the United States ...; (v) has committed an offense identified in section 1182(a)(2) of this title ...; [or] (vi) is attempting to enter at a time or place other than as designated by immigration officers or has not been admitted to the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(C).

recognized that status, including by permitting renewal of his permanent resident card as recently as 2025. Having long acquiesced in Petitioner's continued status, Respondents cannot now invoke these stale convictions to justify treating him as an applicant for admission and subjecting him to mandatory detention.

(Doc. 9 at 3). Notably, Herrera Nunez offers no support for his arguments that his "stale" convictions cannot support mandatory detention or that the government waived this ground by renewing his green card. Nevertheless, in an abundance of caution, the Court will require Respondents to file a supplemental response explaining how Herrera Nunez's specific convictions strip him of the protections generally afforded an LPR. Respondents shall also address Herrera Nunez's argument that—by renewing his LPR status—the government implicitly concluded that his prior criminal convictions did not qualify as "offenses" under 8 U.S.C. § 1101(a)(13)(C).

Accordingly, it is **ORDERED**:

1. Respondents shall file a supplemental response in accordance with this Order within **TEN (10) DAYS**.

2. Herrera Nunez may file an optional reply within **SEVEN (7) DAYS** of Respondents' supplemental briefing.

**DONE AND ORDERED** in Fort Myers, Florida on April 2, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4